Singh v. Barr

BIA
Hom, IJ
A205 421 884

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty.

PRESENT:
  RICHARD C. WESLEY,
  PETER W. HALL,
  DENNY CHIN,
   *Circuit Judges.*

_____

AMANPREET SINGH,

  *Petitioner,*

  v.         18-372
             NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,

  *Respondent.*

_____

FOR PETITIONER:  Amy Nussbaum Gell, Gell & Gell, New York, NY.

FOR RESPONDENT:  Joseph H. Hunt, Assistant Attorney General; Bernard A. Joseph, Senior Litigation Counsel; Jonathan K. Ross, Trial Attorney,

Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Amanpreet Singh, a native and citizen of India, seeks review of a January 11, 2018, decision of the BIA affirming an April 5, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Singh,* No. A 205 421 884 (B.I.A. Jan. 11, 2018), *aff'g* No. A 205 421 884 (Immig. Ct. N.Y. City Apr. 5, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA; i.e., minus the IJ's finding that even assuming credibility, Singh did not establish eligibility for asylum and related relief. *See Xue Hong Hang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B);

2

*Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii). We conclude that the agency has not identified substantial evidence to support the adverse credibility determination.

The agency based its adverse credibility determination on two claimed inconsistencies. First, the agency identified one inconsistency between Singh's testimony that he was treated with painkillers for his injuries and a medical report that indicated that he received painkillers, antibiotics, and intravenous fluids. Second, while Singh testified he informed S. Narinder Singh, a leader of the political party Singh belonged to, about the two attacks, the agency relied

3

on the fact that a letter from S. Narinder Singh did not specifically mention his attacks by members of a rival party, instead it only confirmed Singh's party membership and that Singh had been persecuted by a rival political party. We have cautioned against putting excessive weight on a third-party's omissions, particularly where, as here, the third party's statement does not contradict the applicant's statements. *See Hong Fei Gao*, 891 F.3d at 81 ("Although an omission by a third party may form a basis for an adverse credibility determination . . . under these circumstances—where a third party's omission creates no *inconsistency* with an applicant's own statements—an applicant's failure to explain third-party omissions is less probative of credibility than an applicant's failure to explain his or her own omissions.").

Given the agency's error in relying on this finding, we conclude that remand is necessary because the single inconsistency regarding Singh's medical treatment does not, under the totality of the circumstances, constitute substantial evidence for an adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Hong Fei*

4

*Gao*, 891 F.3d at 76; *cf. Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) ("an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." (quoting § 1158(b)(1)(B)(iii))). Because the adverse credibility determination was the sole basis for the agency's denial of Singh's claim of past persecution, we remand for further consideration of whether Singh met his burden of proof for past persecution, such that he is entitled to a presumption of future persecution. *See* 8 C.F.R. § 1208.13(b)(1).

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5